IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

KENNETH L. WEST,          )
                          )
        Plaintiff,        )
                          )
    v.                    ) Civ. No. 14-1252-SLR
                          )
ROBERT COUPE, et al.,     )
                          )
        Defendants.       )

## MEMORANDUM

1. **Introduction**. Plaintiff Kenneth L. West ("plaintiff"), an inmate at the James

T. Vaughn Correctional Center ("VCC"), Smyrna, Delaware, proceeds pro se and has

been granted in forma pauperis status. He filed this complaint pursuant to 42 U.S.C.

§ 1983 claiming violations of his constitutional rights and raising supplemental State tort

claims.[1] (D.I. 2)

2. **Standard of Review**. A federal court may properly dismiss an action sua

sponte under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b) if

"the action is frivolous or malicious, fails to state a claim upon which relief may be

granted, or seeks monetary relief from a defendant who is immune from such relief."

*Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013); *see also* 28 U.S.C. § 1915(e)(2) (in

forma pauperis actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress

from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with

respect to prison conditions). The court must accept all factual allegations in a

---

[1] When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

complaint as true and take them in the light most favorable to a pro se plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because plaintiff proceeds pro se, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94 (citations omitted).

3. An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 at 327-28; *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989); *see, e.g., Deutsch v. United States*, 67 F.3d 1080, 1091-92 (3d Cir. 1995) (holding frivolous a suit alleging that prison officials took an inmate's pen and refused to give it back).

4. The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, the court must grant plaintiff leave to

amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

5. A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). The assumption of truth is inapplicable to legal conclusions or to "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678. When determining whether dismissal is appropriate, the court must take three steps: "(1) identify[] the elements of the claim, (2) review[] the complaint to strike conclusory allegations, and then (3) look[] at the well-pleaded components of the complaint and evaluat[e] whether all of the elements identified in part one of the inquiry are sufficiently alleged." *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

6. **Discussion.** Plaintiff alleges that from May 2011 to date, defendants Robert Coupe ("Coupe"), Perry Phelps ("Phelps"), David Pierce ("Pierce"), and Gail Stevens ("Stevens") violated his rights under the Fourteenth Amendment and were deliberately indifferent to: (1) his right to refuse medical, mental health, and/or dental treatment; and (2) to the physical, mental or emotional injuries caused by serious side-effects such as chest pain, fainting, numbness in face, arms or legs, breast lumps, or change in the

amount of urine when they implemented, instituted or otherwise sustained, participated, or acquiesced in unconstitutional procedures, practices and/or policies that impeded his ability to reasonably consider potential risks or side affects associated with any particular treatment in violation of the informed consent doctrine by mandating that he concede, agree, or submit to treatment prior to examination, evaluation and/or diagnosis of conditions associated with his medical, mental health, and/or dentistry needs. (D.I. 2, ¶¶ 15-23) Plaintiff further alleges that Lisa Merson ("Merson"), the IGC chairperson, directly participated in the denial of plaintiff's request for medical treatment and/or grievances associated thereto and interfered with his right to medical care. (*Id.* at ¶ 24) He also alleges that: (1) defendant Lezley Sexton ("Sexton") failed to provide him medical treatment; (2) defendants Kathleen Mateyak ("Mateyak"), Arkava Smith ("Smith"), and Paula Cosby ("Cosby") denied him medical treatment for breast lumps he developed as side effect of Risperdal[2] that he took from 2011 until 2012; and (3) defendant Jennifer Newman ("Newman") dispensed medication to him that is known to cause serious side effects.[3] (*Id.* at ¶ 25-29) Plaintiff seeks compensatory and punitive damages.

7. **Res judicata/claim preclusion**. Plaintiff's claims are barred by the doctrine of res judicata or claim preclusion as a result of the dismissal of a case he filed in this

---

[2]Used to treat the symptoms of schizophrenia, episodes of mania or mixed episodes in bipolar disorder, and behavior problems. *See* http://www.nlm.nih.gov /medlineplus/druginfo/meds.

[3]Newman is not listed as a defendant in the caption of the case or described as a defendant, while Emma Phillips ("Phillips") is a named defendant. Paragraph 29 contains allegations directed towards Newman, but there are no allegations directed towards Phillips.

4

court on March 13, 2014, *West v. Pierce*, Civ. No. 14-330-SLR (D. Del.). The complaint named several of the same defendants as in this case including Pierce, Sexton, Cosby (misspelled as Cosey), Smith, and Mateyak. In Civ. No. 14-330-SLR, plaintiff alleged that he was placed on Risperdal in May 2011 and received the medication twice a day for more than a year. Plaintiff began experiencing side effects such as numbness in the hands, arms, shoulders and chest, severe chest pain, and lumps on his chest. He spoke to Sexton about his complaints and she scheduled an appointment with a physician who advised plaintiff that nothing could be done for the side effects. Plaintiff was examined by an outside physician on several occasions and told there was no known reason for the lumps on his chest and that they would eventually go away.

8. Sexton investigated plaintiff's medical complaints to determine if Risperdal caused the side effects of which plaintiff complained and if medical treatment was necessary. Plaintiff's grievance was heard on August 21, 2013, and Cosby, Smith, and Mateyah were present at the hearing. Plaintiff was told that nothing could be done and to fill out a sick call slip, which he did. When he was seen by medical on August 27, 2013, he was told that nothing could be done about the lumps and that they would eventually "leave on their own." Pierce was named as a defendant because medical and mental health issues were forwarded to him for review and possible resolution. On June 26, 2014, the court dismissed the complaint as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1). Plaintiff did not appeal the dismissal.

9. Claim preclusion, formerly referred to as res judicata, bars a claim litigated between the same parties or their privies in earlier litigation where the claim arises from the same set of facts as a claim adjudicated on the merits in the earlier litigation. *Blunt*

*v. Lower Merion Sch. Dist.*, 767 F.3d 247, 276 (3d Cir. 2014). Res judicata bars not only claims that were brought in the previous action, but also claims that could have been brought. *Id.* (citations omitted). "A claim extinguished by res judicata includes all rights of the plaintiff to remedies against the defendant with respect to all or any part of the transaction, or series of connected transactions, out of which the action arose." *Id.* (citations omitted).

10. Claim preclusion gives dispositive effect to a prior judgment if a particular issue, although not litigated, could have been raised in the earlier proceeding. Claim preclusion requires: (1) a final judgment on the merits in a prior suit involving; (2) the same parties or their privities [sic]; and (3) a subsequent suit based on the same cause of action." *Id.* at 276 (citations omitted). When analyzing whether the elements have been met, the court does not apply this conceptual test mechanically, but focuses on the central purpose of the doctrine, to require a plaintiff to present all claims arising out of the same occurrence in a single suit. *Id.* This avoids piecemeal litigation and conserves judicial resources. *Id.* (citations omitted).

11. The court takes "a broad view of what constitutes the same cause of action and res judicata generally is thought to turn on the essential similarity of the underlying events giving rise to the various legal claims." *Id.* (citations omitted). When analyzing essential similarity, several factors are considered: (1) whether the acts complained of and the demand for relief are the same; (2) whether the theory of recovery is the same; (3) whether the witnesses and documents necessary at trial are the same; and (4) whether the material facts alleged are the same. *See id.* (citations omitted). It is not dispositive that a plaintiff asserts a different theory of recovery or seeks different relief

6

in the two actions. *Id.* (citations omitted); *see also Elkadrawy v. Vanguard Grp., Inc.*, 584 F.3d 169, 173 (3d Cir. 2009) ("This analysis does not depend on the specific legal theory invoked, but rather [on] the essential similarity of the underlying events giving rise to the various legal claims.) (internal quotation marks omitted)."

12. A dismissal under the in forma pauperis statute for frivolousness carries preclusive effect for purposes of any future in forma pauperis actions. *See Shockley v. Hosterman*, 279 F. App'x 98, 99 (3d Cir. 2008) (unpublished) (citing *Cieszkowska v. Gray Line New York*, 295 F.3d 204, 205-06 (2d Cir. 2002) (per curiam) (quoting *Denton v. Hernandez*, 504 U.S. 25, 34 (1992) (dismissal under § 1915(e) "could . . . have a res judicata effect on frivolousness determinations for future in forma pauperis petitions"). The complaint at bar is clearly based upon the same transactions and occurrences at the center of Civ. No. 14-330-SLR, the administration of medication, side effects as a result of the medication, and medical treatment provided. The claims in the instant complaint do not differ in any significant way from plaintiff's prior claims. Also, the addition of new defendants to those plaintiff named before does not change this conclusion because they are all prison officials or medical personnel in privity with one another. *See Shockley*, 279 F. App'x at 99 (citing *Churchill v. Star Enters.*, 183 F.3d 184, 194 (3d Cir. 1999) (doctrine prohibits successive suits against the same defendants and those in privity with them based on the same underlying events). Accordingly, the court will dismiss the instant complaint as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1) as it lacks arguable merit in fact or law as barred under the principles of claim preclusion/res judicata as set forth in *Denton*.

13. **Conclusion**. For the above reasons, the complaint will be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1). The court finds amendment futile. A separate order shall issue.

_____
UNITED STATES DISTRICT JUDGE

Date: November 30, 2014